——o——

CITY to use of EDWARD FOX, Respondent, *vs.* EMILE L. SCHOE-NEMANN, Appellant.

1. *St. Louis, City of—Charter—Ordinances—Sewers—Special taxes.*—A special tax-bill was issued for the construction of a sewer in the City of St. Louis. The City charter then in force provided, that sewers should be of such dimensions as might be prescribed by ordinance, and might be changed, enlarged or extended. The work was begun under a defective ordinance, but during its progress another ordinance was passed curing the defect, and all the work was in conformity with the latter ordinance; *held*, that the tax-bill was valid.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for Appellant.

By section 2 of ordinance (No. 6626,) the City Engineer was empowered to construct said sewer with such materials and of such dimensions as he might deem requisite. By subsequent ordinance (No. 6854,) the materials and dimensions of said certain sewer were specified by the City Council. Before the passage of the latter Ordinance said sewer was nearly completed, and was entirely completed in front of appellant's property. Section 16 of Revised Charter of St. Louis, approved March 13, 1867, (Session Acts 1867, p. 75,) under which these ordinances were passed, provides that "such district sewer shall be of such dimensions as may be prescribed by ordinance." The power of the City Council to prescribe dimensions and materials cannot be delegated to the City Engineer. (Ruggles vs. Collier, 43 Mo., 353; City of St. Louis vs. Clemens, 43 Mo., 395; Sheehan vs. Gleeson, 46 Mo., 100.)

The Council has no power to ratify an invalid City Ordinance by a subsequent Ordinance in a case like this. (Mayor etc. vs. Porter, 18 Md. 284; Matter of Buhler, 32 Barb 79; Ruggles vs. Collier, 43 Mo. 367; Brady vs. The Mayor N. Y., 20 N. Y. 312; Reilly vs. Phila., 60 Penn. St., 467; Grogan vs. City of San Francisco, 18 Cal., 590.)

There is nothing retrospective in the language of the latter Ordinance, and it is not supplementary or additional to the first.

*F. & L. Gottschalk*, for Respondent.

The charter of 1867, (Sess. Acts 1867, p. 75, § 16), provides, that the sewers shall be constructed of such dimensions as may be prescribed by ordinance, and may be changed, enlarged or extended. Any defect in Ordinance 6626 is cured by the contract, which contains a full specification, and by Ord. 6854, which the council passed before the assessment and before the sewer was completed. Nor was said Ordinance, 6626 void. It was good so far as it went. (Sheehan vs. Gleeson, 46 Mo., 100.)

There is no time prescribed when the council shall pre-

scribe the dimensions. They may do it during the progress of the work.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff obtained judgment in the Court below on a special tax bill for the construction of a sewer, and the defense was that the work was done without authority. It seems that the work was commenced under and by virtue of an Ordinance that was palpably defective, but during its progress and before its completion a new Ordinance was passed, which was authorized by the Charter, and which cured the defect.

It is now argued, that as at the commencement of the work there was no legal ordinance, it was impossible to impart vitality to the contract or undertaking by any subsequent enactment. But in reference to the facts of this case we do not think that the position is tenable. The Charter under which the proceeding was had, declared that sewers should be of such dimensions as might be prescribed by Ordinance, and might be changed, enlarged or extended. Hence it was competent at any time to change the original Ordinance, and prescribe the dimensions of the sewer. It is of no particular importance, that some of the work was done under the first Ordinance, as the whole contract was not completed and finished till after the adoption of the second Ordinance. It appears that the entire construction was in conformity with the terms of the latter. The law did not take effect as to part but extended to the entirety. This is not like the case of Ruggles vs. Collier, (43 Mo., 353,) where the contract was made and the work executed throughout under a single ordinance that was wholly void. Nor is it analagous to The Mayor of Baltimore *et al.* vs. Porter, (18 Md., 284,) the strongest case cited by the appellant, where the City proceeded without any authority, and after all the rights of the parties were determined, and after suit brought, the City undertook by a subsequent Ordinance to confirm the void act. Here, although the authority was originally defective, a law curing the defect was passed in time, and the work then progressed

and was completed under the valid act. Under the provisions of the Charter, the City exercised a power directly granted to it, and I can perceive in this record no sufficient cause to justify a reversal.

Let the Judgment be affirmed. The other Judges concur.