## W. C. MULLINS, Appellant, v. LEONARD EVERETT, Respondent.

Kansas City Court of Appeals, May 19, 1913.

1. **SEWER: Ordinance: Specifications.** Where an ordinance for the construction of a sewer which by the city charter is required to specify the dimensions, material and character of the work, sets out on its face such dimensions, material and the character of the work, together with all necessary specifications, then it is unnecessary that a duplicate of such specifications be referred to as on file with the city engineer.

2. ———: ———: ———: ———: ———. A city charter required ordinances for the construction of sewers to ordain the dimensions, material and character of the sewer. An ordinance was passed naming the dimensions and material and referring to the specifications prepared for the construction of the sewer. But, in fact, the specifications were not in existence when the ordinance was passed and were not made out and approved by the board of public works until ten days afterwards. They contained many substantial requirements not set out in the ordinance. And it was *held* that the proceedings were void and tax bills issued for the work were invalid.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn,* Judge.

AFFIRMED.

*Fyke & Snyder* for appellant.

The court erred in rendering judgment for defendant. City of St. Joseph v. Anthony, 30 Mo. 537; City of St. Louis to the Use of Creamer v. Oeters, 36 Mo. 456; Sheehan v. Gleason, 46 Mo. 104; Kiley v. Cranor, 51 Mo. 541; Moram v. Lindell, 52 Mo. 229; City to the Use of Edward Fox v. Schoeneman, 52 Mo. 348; Carlin v. Cavender, 56 Mo. 286; Sheehan v. Owen, 82 Mo. 458; Jaicks v. Merrill, 201 Mo. 91; Becker v. City of Washington, 94 Mo. 375; Cole v. Skrainka, 105 Mo. 303; City of St. Joseph to the Use of Gibson v. Owen, 110 Mo. 443; Warren v. Paving Co., 115 Mo. 572; Paving Co. v. Ullman, 137 Mo. 543; Paving Co. v. Hesel, 155 Mo. 391; Dickey v. Porter, 203 Mo. 1; St. Louis v. Buesking, 232 Mo. 325; Booneville ex rel. v. Stephens, 238 Mo. 339.

*W. F. Allen* and *Leonard Waddell* for respondent.

(1) The ordinance does not refer to any specifications as being on file in the office of the city engineer, or in the office of the board of public works, or in any

designated public place, where they might be inspected
like the ordinance itself. There were no specifications
prepared or in existence at the time of the passage of
ordinance numbered 24197, or at the date of its ap-
proval. Richardson v. Walsh, 142 Mo. App. 328;
McCormick v. Moore, 134 Mo. App. 669; Paving Co.
v. O'Brien, 128 Mo. App. 267; Barton v. K. C., 110
Mo. App. 40; Dickey v. Holmes, 109 Mo. App. 721.

ELLISON, P. J.—Plaintiff's action is based on tax
bills for the building of a district sewer in Kansas
City, Missouri. The trial was by the court without the
aid of a jury and judgment was rendered for defend-
ant.

The charter of the city (Sec. 10, Art. 9, Charter
1898) provides that the city may, with the approval
of the board of public works, construct district sew-
ers, which "shall be of such dimensions, material and
character as shall be prescribed by ordinance." On
the 2d of November, 1903, the city passed an ordi-
nance for the construction of the sewer in question.
Section 3 of this ordinance reads that: "Said sewer
shall conform in detail to plans and specifications pre-
pared for the construction of said sewers, said plans
now on file in the office of the board of public works,
marked approved and dated October 29, 1903." These
specifications were not made out or approved by the
board of public works until ten days (November 12th)
after the passage of the ordinance. What were called
"plans" for the sewer were approved and on file with
the board of public works four days before the ordi-
nance was passed as is recited in the section just
quoted.

The ground claimed to invalidate the tax bill is
that at the time the ordinance was passed the speci-
fications were not in existence and therefore could not
have been a part of the ordinance, and in .consequence
the ordinance did not comply with the charter requir-

ing it to specify the dimensions, material and character of the sewer. This requirement of the charter is a mandatory legislative function which cannot be delegated by the city council.

The ordinance need not embody the specifications in the face of the ordinance itself, but may refer to them as being at a certain place. They then become a part of the ordinance itself. [Galbreath v. Newton, 30 Mo. App. 380, 392.]

But manifestly the specifications must have been considered by the city council and be in existence when the ordinance is passed, else, necessarily, they could not be a part of it. The claim that they could be, has been characterized as a gross absurdity. [Dickey v. Holmes, 109 Mo. App. 721; McCormick v. Moore, 134 Mo. App. 669; Paving Co. v. O'Brien, 128 Mo. App. 267.]

In avoidance of this plain requisite, plaintiff says that the face of the ordinance itself covers the requirement of the charter. In other words, that it contains the specifications for the sewer and that therefore separate specifications were not necessary and their not being in existence when the ordinance was passed was of no consequence. The circuit court took that view and gave a declaration that if the evidence showed such to be the fact, the finding would be for the plaintiff. But the court found it was not a fact. We are of the opinion that the court's view, as expressed in the declaration given, was correct; for, if the specifications for the work are embodied in the ordinance itself, it would render unnecessary their repetition in a separate paper.

It is therefore only necessary to ascertain if there was evidence to justify the conclusion of the court, and we find it abundant. In addition to what is stated and required in the ordinance, the specifications provide for the excavations, trenches, the manner of their construction; the brick and rubble masonry; the kind and

character of mortar, concrete, cement and other material; syphon traps are provided for and their character prescribed; the character of the work and the places where certain material is to be used on portions of the work required by the ordinance proper; foundations for the sewer at different places and the manner of their construction. These are but a part of the specifications. They cover near fifteen pages of printed matter, making it impracticable to set them out. It is sufficient to say of them that they include many important and vital requirements to a lawful performance of the work, which are not found in the face of the ordinance. We think it a complete answer to plaintiff's suggestion that the ordinance itself contained all the specifications necessary, to call attention to the fact that confining the ordinance to the provisions embodied in its face, specifications could be drawn, without conflicting therewith, which would reduce the character, grade or quality of the work and much of the material, as well as the value of the sewer completed, in a very substantial degree. The record shows that, practically speaking, the ordinance, unaided by the specifications set out, would have afforded little protection to the property holder.

We are at a loss to understand why plaintiff should cite us to Dickey v. Porter, 203 Mo. 1, 35, 36. The specifications for the sewer work in that instance were prepared and placed on file with the board of public works before the passage of the ordinance and the ordinance referred to and adopted them. That case is strongly against the situation in which the facts place plaintiff in this case. Nor do we see that Fox v. Schoenemann, 52 Mo. 348, has any bearing on the present record.

Plaintiff however takes the position that the specifications were in existence and on file when the ordinance was passed. This claim is founded on evidence that there were printed blanks, or what may be termed

blank specifications, printed and kept on hand in the city engineer's office by order of the city council. These were provided for use whenever needed and have been likened by us in a former case to blank deeds which notaries, and frequently county recorders, kept on hand. [Richardson v. Walsh, 142 Mo. App. 328; Mc-Cormick v. Moore, 134 Mo. App. 669.]

We have examined other authorities cited by plaintiff, but find them not applicable to the facts of the present case.

After full consideration of the record, we conclude we have no ground for interference with the judgment, and it is accordingly affirmed. All concur.