THE CITY OF SPRINGFIELD, MISSOURI, to the use of E. PLUMMER, Respondent. v. McLAIN JONES, Appellant.

Springfield Court of Appeals, April 23, 1914.

1. MUNICIPAL IMPROVEMENTS: Tax Bills: Ordinances: Reference to Plans and Specifications: Effect. Although the requirements of a city charter that the dimensions of and materials used in the construction of a sewer shall be prescribed by

ordinance is mandatory, yet the ordinance itself need not embody the specifications, but may refer to them as being set out in the contractor's bid and a reference in an ordinance, accepting the contractor's bid, to the terms of the bid and the plans and specifications makes the ordinance as definite in that respect as if the terms had been embodied in the ordinance.

2. ———: Ordinances: Validity: Time of Fixing Materials. Petition by property owners for the construction of a district sewer was filed December 4, 1900; the ordinance establishing the district sewer was adopted March 7, 1901: bids were received and opened October 15, 1901, *Held* not essential to the validity of the proceedings that the ordinance fixing the dimensions and materials should have been adopted earlier than October 1, 1901.

3. ———: Tax Bills: Allowance of Interest. Where interest was allowed on tax bills which did not name the defendant owner of the property described therein, *held* error.

Appeal from Greene County Circuit Court. Division Number Two.—*Hon. Arch A. Johnson*, Judge.

AFFIRMED (*conditionally*).

*J. V. McPherson* and *McLain Jones* for appellant.

(1) Public work for which tax bills are issued to compel the citizen to pay for improvements in front of his property are proceedings *in invitum*, purely statutory, and are to be strictly construed and if there is any fairly reasonable doubt concerning the existence of the power to tax the citizen disclosed by the proceedings it will be deemed not to have been granted. Leach v. Cargill, 60 Mo. 316; Guinotte v. Egelhoff, 64 Mo. App. 356; City of Kirksville ex rel. Fleming Mfg. Co. v. Coleman, 103 Mo. App. 215. (2) The dimensions and materials of the alleged sewer must have been prescribed by ordinance and were not in this case. City Charter of the City of Springfield, Sec. 98, p. 57; Dickey v. Holmes, 109 Mo. App. 721; McCormick v. Moore, 134 Mo. App. 669; City of Joplin v. Hollingshead, 123 Mo. App. 602; Coulter v. Phoenix Brick &

Construction Co., 131 Mo. App. 233; Smith v. Westport, 105 Mo. App. 221; Excelsior Springs v. Ettenson, 120 Mo. App. 215; City of Independence v. Knoepker, 134 Mo. App. 601; Barber Asphalt Co. v. O'Brien, 128 Mo. App. 107, 267; Mullins v. Everett, 157 S. W. 823; Heidelberg v. St. Francis Co., 100 Mo. 69; Barton v. Kansas City, 110 Mo. App. 31; Whitworth v. Webb City, 204 Mo. 579; Faust v. Pope, 132 Mo. App. 287; McQuarter v. St. Joseph, 134 Mo. App. 640; Galbreath v. Newton, 30 Mo. App. 393; De Soto v. Showman, 100 Mo. App. 323. (3) There were no plans and specifications on file as the law requires in the offices of the clerk or the city engineer at the time bids were asked or the time the alleged district sewer was ordered constructed and contract awarded. Barton v. Kansas City, 110 Mo. App. 40; Dickey v. Holmes, 109 Mo. App. 721; Barber v. O'Brien, 128 Mo. App. 278, 281; State v. Saline Co. Court, 45 Mo. 242; St. Louis v. Clements, 52 Mo. 138; McCormick v. Moore, 134 Mo. App. 669; Mullis v. Everett, 157 S. W. 824; Richardson v. Walsh, 142 Mo. App. 328; Independence to use of Knoepker, 134 Mo. App. 661; Construction Co. v. City of Clinton, 155 Mo. App. 382. (4) The court erred in allowing fifteen per cent interest on the judgment, the rate should have been six per cent. St. Joseph ex rel. Forshee, 110 Mo. App. 241-242.

*Barbour & McDavid* for respondent.

(1) A substantial, sensible, businesslike, practical compliance with the law and the contract is all that is required. Myers v. Wood, 158 S. W. 909; Shehan v. Owen, 82 Mo. 458; Trimble v. Stewart, 168 Mo. App. 276; Webb City v. Aylor, 163 Mo. App. 155; Cole v. Skrainka, 105 Mo. 303. (2) Ordinances and contracts must be so construed as to uphold their validity where their language will permit. Boonville v. Stephens, 238 Mo. 354; Sedalia v. Smith, 206 Mo. 363; Gist v. Con-

struction Co., 224 Mo. 379.  (3)  The ordinances, plat, profile, estimate, bids and specifications, considered together, constitute plans and specifications and dimensions and material for the sewer that are beyond question full and complete in every particular.  They must all be considered together and all entered into the contract.  By ordinance the city council accepted the bid of E. Plummer and thereby adopted, determined and fixed beyond question the dimensions and material of this sewer, and the sewer was constructed in accordance therewith as found by the trial court.  Joplin v. Hollingshead, 123 Mo. App. 602; Akers v. Kolkmeyer, 97 Mo. App. 520; Cole v. Skrainka, 105 Mo. 303; McCoy v. Randall, 222 Mo. 24; Paving Co. v. Ullman, 137 Mo. 543; Jones v. Plummer, 137 Mo. App. 337; Sheehan v. Owen, 82 Mo. 458; Sheehan v. Gleeson, 46 Mo. 100; Bridewell v. Cockrell, 122 Mo. App. 196; Myers v. Wood, 158 S. W. 909; Dickey v. Porter, 203 Mo. 1.  (4)  An ordinance fixing the dimensions and material for a district sewer may be passed at any time before the work is begun or completed.  City to use v. Schoenemann, 52 Mo. 348; City of Trenton v. Collier, 68 Mo. App. 492; Springfield v. Weaver, 137 Mo. 666; Bridewell v. Cockrell, 122 Mo. App. 204; Platte City v. Paxton, 141 Mo. App. 181; Roth v. Hax, 68 Mo. App. 283; St. Joseph v. Landis, 54 Mo. App. 324.  (5)  A special tax bill is valid even though the owner of the real estate therein described is not named in the tax bill.  It would not be prima-facie evidence against one not named in the tax bill, but is a proper link in the evidence.  St. Louis to use v. De Neoue, 44 Mo. 136; St. Joseph v. Forsee, 110 Mo. App. 237; Stodler v. Roth, 59 Mo. 400; McCormick v. Clopton, 150 Mo. App. 129; St. Joseph v. Forsee, 115 Mo. App. 510; Vieths v. Planet Co., 64 Mo. App. 210.  (6)  Interest or penalty of fifteen per cent per annum on tax bills is valid.  Bank v. Woester, 176 Mo. 60; Paving

City of Springfield v. Jones.

Co. v. Ullman, 137 Mo. 570; Eyerman v. Blakesley, 78 Mo. 152; Buchan v. Broadwell, 88 Mo. 37.

ROBERTSON, P. J.—This is an action on three tax bills issued February 4, 1902, for the construction of a district sewer, against three separate pieces of property owned by the defendant. Plaintiff obtained judgment on three tax bills which established a lien against said property. One of the tax bills named the defendant as owner, another named one other than the defendant as owner and the third did not designate any one as owner. The trial court allowed interest on the two not mentioning the defendant as owner at the rate of eight per cent. per annum from March 1, 1907. The defendant has appealed.

There are but two contentions urged here in behalf of the appellant that we deem worthy of space: first, it is contended that in the proceedings upon which these tax bills were issued there was no ordinance prescribing the dimensions and materials for the sewer, as required by section 5848, Revised Statutes of 1899 (Sec. 9241, R. S. 1909); and second, it is contended that as the owner of the property covered by two of the tax bills was not named therein, the trial court should not have allowed interest thereon.

Subdivision 8 of section 5848, Revised Statutes of 1899 (Sec. 9254, R. S. 1909), required that an estimate of the costs of the proposed sewer shall be made by the city engineer and submitted to the council before the contract (which shall not exceed that estimate) is made. The estimate was duly made and filed in the proceedings involved in this case. Much is said in the brief of appellant and many authorities cited as to the filing of plans and specifications prior to the letting of the contract. Upon a reading of section 5848, Revised Statutes 1899, which governs this case, it will be observed that there is no mention of plans and specifications, being different in this respect from the char-

ters of other cities where some of the cases relied upon by the appellant arose.

However, the discussion which follows will disclose that specifications were on file with the city clerk several years previous to the time when the proceedings involved in this case were initiated by petition of property owners. These specifications were general and did not state the dimensions of sewers. These specifications will be discussed more fully in considering the questions as to whether or not the council in this case did actually by ordinance prescribe the dimensions and materials for the sewer.

The minutes of the meeting of the council of May 2, 1893, recite among other things, that the report of the sewer committee and city engineer submitting the specifications for district sewers was read and ordered filed. The report of the committee and engineer recites that there was referred to that committee the matter of specifications for district sewers and states that it prepared and had printed five hundred copies, "and herewith file a copy of said specifications." This copy is entitled, "Proposals, Specifications and Contract for District Sewers," then follows a blank form as a preamble for the contract and concludes that it shall be performed "in accordance with the following specifications," and under the general heading of "Specifications" provisions are made for excavations, timbering, backfilling, foundations, fluming, material, brick, cement, sand, mortar, concrete, masonry, brickwork, iron pipe and castings, sewer pipe and pipe sewers thereunder providing for the "best vitrified salt glazed sewer pipe, of standard thickness, of sufficient size to insure proper joining," man holes, lamp holes, flush tanks, and other subjects not necessary here to mention. Thereafter follows the contract provisions containing blanks for the filling in of matter not pertaining to the specifications and concludes with a form for a proposal for building of sewers, with the neces-

sary blanks, and designates three dimensions of pipes as 8, 10 and 12 inches, and places in a condensed form all of the items essential for consideration in the construction of a sewer, so that the bidder may itemize each portion thereof. Then follows the form of a contract and thereafter appears the form of a bond required of the contractor.

On December 4, 1900, a majority of the resident property holders in a certain territory proposed a district sewer therefor and on March 7, 1901, an ordinance was adopted establishing the district as requested. On August 6, 1901, the route of the sewer was established. On October 1, 1901, the council adopted an ordinance authorizing the construction of the sewer and ordered the city engineer to advertise for sealed bids for the construction thereof, to be opened at the meeting of the council on October 15, 1901, reserving the right to reject any and all bids. On October 15, 1901, the city engineer submitted to the council his estimate of the cost of constructing the sewer and plans of the sewer duly prepared by the city engineer, either at the time or previously thereto, were then before the council. The bids were opened and the contract was let by an ordinance, the material part of which reads as follows:

"Section 1. That the bid of E. Plummer for the construction of a district sewer in District 16 of section 2 of the sewerage system of the city of Springfield having been found by the council to be the lowest and best bid for said work, the same is hereby accepted by the council and the contract for constructing said sewer is hereby awarded to said E. Plummer and the city attorney is hereby instructed to prepare a contract to be executed by said Plummer and the city of Springfield in accordance with the terms of said bid and the plans and specifications for said district sewer on file in the office of the city clerk."

The bid of the successful contractor followed the form outlined in the document filed, as above stated, by the sewer committee on May 2, 1893, and specified in detail the dimensions of the pipe, the materials, and the character of the work. The contract was duly entered into and the sewer completed according to the specification filed May 2, 1893, and according to the bid of the contractor.

The respondent concedes that the dimensions and the materials for the sewer must have been prescribed by an ordinance, but contends that the ordinance accepting the bid in this case meets the requirements of the statute. We shall uphold the contention of the respondent upon this point.

As stated in Mullins v. Everett, 172 Mo. App. 186, 192, 157 S. W. 823, the requirements of a city charter that the dimensions and materials shall be prescribed by ordinance is mandatory, but it is also there held that "the ordinance need not embody the specifications in the face of the ordinance itself, but may refer to them as being at a certain place. They then become a part of the ordinance itself," citing Galbreath v. Newton, 30 Mo. App. 392, 380, wherein it is held that plans, maps or specifications are duly adopted by a reference thereto. A reference in an ordinance, accepting a bid of a contractor, to the terms of the bid and the plans and specifications, makes "the ordinance as definite and certain in that respect as if they had been embodied in the ordinance." [Dickey v. Porter, 203 Mo. 1, 36, 101 S. W. 586.]

The appellant contends that the document filed May 2, 1893, cannot be considered as specifications and cites Mullins v. Everett, supra, wherein it appears that blanks were lodged in the office of the city engineer for the use of the engineer and contractors. That case cites and distinguishes Dickey v. Porter, supra, and states: "The specifications for the sewer work in that instance were prepared and placed on file with the

board of public works before the passage of the ordinance and the ordinance referred to and adopted them.'' In the case at bar, eliminating from our consideration entirely the document filed May 2, 1893, we yet have left the bid of the contractor which contains full and complete statements of the dimensions and materials, all of which were duly adopted by reference thereto in the ordinance accepting his bid; and his bid proposes to construct the sewer in accordance with the specifications annexed and the plans and drawings of the same on file in the engineer's office.

It is not essential to the validity of these proceedings that the ordinances fixing the dimensions and the materials of the sewer should have been adopted earlier. [City to the use of, v. Schoenemann, 52 Mo. 348.]

The second contention of the appellant, that two of the tax bills did not mention him as the owner of the property described therein and that, therefore, the court erred in allowing interest thereon, must be sustained. It is admitted, as disclosed by the record, that the defendant at all of the times mentioned in the plaintiff's petition was the owner of the property described in each of said tax bills, yet, as to these two tax bills, since plaintiff did not see fit at any time to have them amended, no interest should be allowed thereon. [St. Joseph v. Forsee, 115 Mo. App. 510, 91 S. W. 445.] Since the trial court has specified the amount allowed as interest, the error complained of may be remedied by the respondent herein remitting the interest allowed—$35.75.

The judgment is affirmed on condition that the respondent shall, within thirty days from the date hereof, file in this court his remittitur for that amount; otherwise, it will be reversed and the cause remanded. *Farrington, J.,* concurs; *Sturgis, J.,* concurs in result.