33186.   MILLER *et al. v.* STATE OF GEORGIA.

DECIDED JANUARY 9, 1951.

*L. L. Moore, R. Lamar Moore,* for plaintiffs in error.

*J. B. Edwards, Solicitor-General, P. Q. Bryan, William H. Riddlespurger,* contra.

FELTON, J. 1. Intervenors' demurrer number four is without merit for the reason shown in division four of this opinion.

2. Demurrers one, two and three will be treated as merged into the fifth. We think that this demurrer should have been sustained. Whether or not the act of 1937 (Ga. L. 1937, p. 761, Code, Ann. Supp., § 87-816), requires the State to allege and prove that a reasonably definite and valid resolution was passed by the municipality, when the petition shows on its face what resolution was passed and is used as a basis for the petition, and such resolution is insufficient, the petition is then subject to demurrer by reason of such defect appearing on the face of the petition. The resolution attached to the petition in this case is so general and indefinite as to be wholly invalid and ineffective. It is implicit in the act of 1937, as amended, authorizing the issuance of revenue certificates that they be issued to pay for a definite undertaking, one the whole and reasonable details of which must be contemplated, chosen and planned by the governing body of the municipality. It is not absolutely necessary that an intricate and detailed set of plans be incorporated in the resolution but enough facts concerning the proposed project or improvement must appear to afford a key from which the full picture of the project or improvement may be ascertained, such as, for example, a reference to reasonably specific plans, maps and specifications or their equivalent. The resolution and certificates become a contract between the municipality and certificate purchasers which the latter can enforce by mandamus and the resolution must contain the essential contractual element of definiteness and certainty with reference to the project or improvement to be built or effected. Such a resolution must reasonably show the nature, kind and location and such other facts as will with reasonable fullness and definiteness describe and define the undertaking including the estimated costs thereof. Another reason

why these facts should appear in the resolution is that the citizens of the municipality have the right to object to the validation of the certificates on the grounds that the project is unreasonable or unsound, and possibly others. *Dade County* v. *State of Georgia,* 75 *Ga. App.* 330 (43 S. E. 2d, 434). All the resolution in this case shows is that money be borrowed to pay the cost of "making improvements and extensions to the waterworks plant and system of said city." Such a general statement of what is to be done means nothing and while the governing body might have had definite and sound improvements in mind which they intended in good faith to provide, they were not bound by the resolution to adhere to such intentions and could with impunity change their minds and pursue a plan different in design and effect, in perfect good faith, which might be unreasonable and unsound and too costly. In the event such a change of plan should occur, neither certificate holders nor citizens would be afforded an opportunity to assert constitutional rights, as it would be too late for citizens to object after the certificates were validated, and certificate holders could not mandamus the performance of such an indefinite undertaking. Such a resolution must show the estimated cost of the improvement. The very purpose of the act is to pay for *planned* improvements. Thé approximate fixing of the costs is as vital a part of the resolution as the authorization of the certificates. They are supplemental and inseparable, and indispensable to the rights of the municipality and its citizens and to the purchasers of the certificates. The act of 1937 (Ga. L. 1937, p. 761, Code, Ann. Supp., § 87-804), shows clearly that the resolution must fix the approximate cost. In part it states: "The governing body *in determining such* cost may *include* all costs and estimated costs of the issuance of said certificates," etc. That the cost of the main project be also estimated is clear, because the additional named authorized items could not be "included" if they were the only costs contemplated by the act. We are convinced that the act itself sustains our conclusion and that the rights of all parties and the soundness of the values of certificates issued in this State will be better protected if definite and business-like procedure is demanded. While no tax can be levied to pay for such an improvement to be financed by revenue certificates, the

fixing of water and sewerage charges amounts in most ways to the same thing. A water user has as much interest in his water rate as he has in a proposed assessment or tax for an improvement affecting him by additional taxation. As to tax assessment ordinances it seems clear that the ordinance must define and describe the improvement with definiteness. In Mullins *v.* Everett, 172 Mo. App. 186 (157 S. W. 823), the ordinance was held invalid because the plans and specifications of the project which were referred to in the ordinance were not approved by the city council until *after* the ordinance was passed. The court said: "But manifestly the specifications must have been considered by the city council and be in existence when the ordinance is passed, else, necessarily, they could not be a part of it. . ." In Copcutt *v.* City of Yonkers, 83 Hun. 178 (31 N. Y. Supp. 659), the court said: "  ⟨  .  the resolution adopted by the common council directing the improvement is fatally defective in failing to specify according to which of the two plans and descriptions then on file in the city clerk's office the street is to be laid out. This defect could not be obviated by the action of the city clerk in thereafter attaching to the resolutions a map not before the common council at the time of their action, nor by the parol evidence of the aldermen as to what map they had in mind." There are other outside cases supporting this principle which we deem it unnecessary to cite. Unless a reasonable degree of definiteness is required in the ordinance, the door is left wide open for one of two undesirable consequences; one is that a project may be carried out substantially different from the one or more fixed or alternative plans or parts of plans originally contemplated, or the selection of the project may be delegated to an inferior authority contrary to law.

3. As to paragraph 6 of intervenors' demurrer, we have already ruled on the matter relating to the cost of the improvements. Since the revenue from the entire system was pledged, subject to the prior issues of certificates, there was no necessity to show the revenue from the improvements and extensions separately. It is not always necessary, even as a business matter, that the improvements produce enough revenue to pay the certificates issued therefor. Otherwise, many needed improvements which produced little or no revenue would be impossible to finance.

4. Paragraph 7 of the demurrer was properly overruled. This court has already ruled that the formula provided in the act for pledging revenue to secure certificates is optional and not mandatory. *Dade County* v. *State of Georgia,* 77 *Ga. App.* 139 (48 S. E. 2d, 144).

The overruling of the demurrers one, two, three and five rendered all other proceedings nugatory. This court does not deem it necessary to rule on the other questions raised as it cannot anticipate what developments will take place and whether the same questions will arise in another case.

The court erred in overruling intervenors' demurrers as shown in the opinion, and in passing an order validating the certificates.

*Judgments reversed. Sutton, C.J., and Worrill, J., concur.*