36668.   MERRITT *v.* STATE OF GEORGIA, etc.

DECIDED APRIL 11, 1957—REHEARING DENIED APRIL 24, 1957.

614

*Thomas B. Branch, Jr., Frank Grizzard,* for plaintiff in error. *Alfred A. Quillian, Solicitor-General, Sumter Kelley, James M. Roberts, John H. Mobley, Dudley Hanock,* contra.

TOWNSEND, J. The intervenors filed a pleading containing 5 grounds of demurrer which may be stated briefly as follows: (1) that petitioner fails to set forth a sound, practicable and reasonable plan and financial structure for the proposed project; (2) or that the terms of the proposed construction are sound, practicable and reasonable; (3) it does not appear that the City of Roswell has authorized, validated, issued or sold any bonds or revenue certificates for this project or that it is authorized or capable of doing the necessary construction for its part of the contract agreement; (4) that the ability of Gwinnett County to obtain gas is dependent upon such action on the part of the municipality of Roswell before the proposed construction can be sound, practicable and reasonable, and (5) the plan is too speculative and conjectural because of the nonexistence of a transmission line to the county line of Gwinnett County.

In support of these demurrers, counsel for the intervenors contends that *Miller* v. *State,* 83 *Ga. App.* 135 (62 S. E. 2d 921), is controlling to the effect that the resolution upon which the petition is based is void for indefiniteness. A comparison of the pleadings and resolutions involved in the two cases reveals that the *Miller* case has no controlling features insofar as this case is concerned. There it was sought to obtain validation of revenue-anticipation certificates to enlarge an existing waterworks system, the resolution failing to show where the additional facilities would be used, their cost, or the resultant cost to both new and existing consumers. These defects were pointed out by a demurrer as follows: "It is not shown (1) what improvements and extensions

of said waterworks system are to be made, (2) the nature, kind and location of the alleged improvements and extensions, (3) how they will be used in connection with the original waterworks system, (4) the cost of same, (5) the value they will add to the original system, nor (6) the services they will render." The resolution there was held subject to the objections urged.

There is no general demurrer to the petition in this case. The first two grounds of demurrer, which fail to point out in what respect the proposed project is not sound, practicable or reasonable, are themselves conclusions and raise no question for decision. *Central of Ga. Ry. Co.* v. *Sharpe*, 83 *Ga. App.* 12 (3), 22 (62 S. E. 2d 427). The three remaining grounds appear to be predicated upon the proposition that Gwinnett County should not move in this matter until all preparations have been completed by the co-contracting municipality of Roswell, and that the latter should issue and validate its own revenue-anticipation certificates first. No authority is cited as to why this would be so, and it appears from an analysis of the petition, with the attached contracts and resolution, that since under the proposed plan three municipalities are to share the cost of the transmission line up to the limits of each, that it will be necessary for each of them to proceed to obtain the necessary legal authorization for its acts before the plan can be put into effect. But this does not mean that none can move before the other, as such a condition could only lead to stalemate. The contract between these municipalities has been entered into by each, and it is to become effective upon its execution by all. It contains the statement that the City of Roswell has "authorized the acquisition of a source of gas supply and the construction of gas distribution facilities and proposes to finance same by the issuance and sale of gas revenue-anticipation certificates." This is a sufficient allegation of fact, which, if the intervenors desire to contravene, they may do by evidence upon the hearing. As against demurrer the petition sets out a cause of action for the validation of the certificates. See *Reed* v. *City of Smyrna*, 201 *Ga.* 228 (39 S. E. 2d 668); *Lipscomb* v. *City of Cumming*, 211 *Ga.* 55 (84 S. E. 2d 3).

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*