41012. MAYS et al. v. STATE OF GEORGIA et al.

DECIDED JANUARY 6, 1965.

*Boller & Yow, D. Field Yow, Jay M. Sawilowsky,* for plaintiffs in error.

*George Hains, Solicitor General, Franklin H. Pierce, Gambrell & Mobley, David H. Gambrell, John H. Mobley, Robert D. Feagin, III,* contra.

BELL, Presiding Judge. ■ The demurrers of the intervenors present the initial contentions that the petition shows on its face that (1) the resolution does not appear on the official minutes of the Board of Commissioners of Roads and Revenues of Richmond County, (2) the plans and recommendations of the county's consulting engineers, the firm of Patchen, Mingledorff and Associates, are not incorporated in the official minutes of the board of commissioners, and (3) the resolution fails to incorporate any descriptive matter by which the document or documents containing the plans and recommendations of the county's consulting engineers can be identified.

The petition as amended alleges specifically that the "resolution is in writing and is entered upon the official minutes of said Board in Minute Book 9, Pages 242 and 244" and "that the plans and recommendations of the County's Consulting Engineers, Patchen, Mingledorff and Associates, Augusta, Georgia, which are referred to by, and incorporated in and made a part of, said resolution are found in the 'Preliminary Engineering Report—Expansion of Water Supply and Distribution System' prepared for Richmond County by said engineers under date of August, 1963, which said report is recorded with said resolution in the official minutes of said Board of Commissioners, at Minute Book 9, Pages 242 and 244."

These allegations clearly refute the physical content of this group of contentions. It is, therefore, unnecessary for us to decide as a matter of law whether the contentions had their substance been accurate would have rendered the petition subject to general demurrer.

In their brief intervenors describe the other grounds of their demurrers as directed to the point whether the resolution is sufficiently certain and definite to be valid and enforceable as a contract between the county and the certificate holders or to constitute a basis for the validation of the proposed bond issue. In support of their contention that the resolution is not certain and definite intervenors cite and quote at length the case of *Miller v. State of Ga.*, 83 Ga. App. 135 (62 SE2d 921). In that case, however, Judge Felton writing for the court depicted the resolution by stating that "All the resolution in this case shows is that money·be borrowed to pay the cost of 'making improvements and extensions to the waterworks plant and system of said city.' " The court then held the resolution to be so general as to mean nothing and thus subject to general demurrer. One applicable principle which the court expressed in *Miller* is that "Such a resolution must reasonably show the nature, kind and location and such other facts as will with reasonable fullness and definiteness describe and define the undertaking including the costs thereof." To meet that test *Miller* requires the resolution to show (1) the estimated costs of the improvement and (2) that the improvement is a planned one. With reference to

the latter, the case suggests that the resolution show that the plans and specifications of the project were considered and approved by the governmental authority prior to or simultaneous with the adoption of the resolution, but expressly eliminated any necessity of combining the plans in the resolution by stating "It is not absolutely necessary that an intricate and detailed set of plans be incorporated in the resolution but enough facts concerning the proposed project or improvement must appear to afford a key from which the full picture of the project or improvement may be ascertained, such as, for example, a reference to reasonably specific plans, maps and specifications or their equivalent."

The resolution now before us contains ample information to meet the tests declared in *Miller*. Among other things the resolution recites "the Board of Commissioners of Roads and Revenues of Richmond County has caused an investigation to be made and it has been determined that there exists an urgent need for making substantial additions, extensions, improvements to the water and sewerage system and equipping same, including but not limited to the acquisition of an adequate source of water supply, which will entail a cost of approximately $2,250,000, in accordance with, or substantially in accordance with the plans and recommendations of the County's Consulting Engineers, Patchen, Mingledorff and Associates, Augusta, Georgia, a copy of which said plans and recommendations being on file in the office of the Clerk of said Board, which plans and recommendations by this reference thereto are incorporated herein as a part hereof."

Other cases cited by the intervenors in support of this class of their contentions are not for the purpose cited relevant to the proceeding in this case. The cases of *City Council of Augusta v. Irvin*, 109 Ga. App. 598 (137 SE2d 82), and *City of Waycross v. Boatright*, 104 Ga. App. 685 (122 SE2d 475), each dealt with the question as to whether the entirety of a specific ordinance had been adopted in accordance with the particular method of procedure prescribed for the adoption of zoning ordinances under *Code Ann. Ch.* 69-12. No attack is made on the resolution in this case as not having been adopted in accordance with the

method of procedure enunciated in *Code Ann. Ch.* 87-8, the Revenue Bond Law, as required by the cases of *Toomey v. Norwood Realty Co.,* 211 Ga. 814, 816 (89 SE2d 265) and *Mayor &c. of Waynesboro v. McDowell,* 213 Ga. 407, 409 (99 SE2d 92). Further the petition and the answer in this case clearly allege facts sufficient to show that the method of procedure prescribed by *Code Ann. Ch.* 87-8 for the issuance and validation of municipal revenue bonds has been strictly followed. Neither is the cited case of *Western & Atlantic R. v. Peterson,* 168 Ga. 259 (147 SE 513) relevant, for there the ordinance discredited was identified only as "new ordinances as compiled by Attorney Fred Morris" and gave no indication where it was filed or that it was made a public record. The resolution here is not subject to those objections.

■ In their objections to matters arising from the hearing conducted by the trial judge, the intervenors continue to press the argument that the Board of Commissioners did not adopt the resolution authorizing the public improvement and the bond issue together with the alternative contention that the resolution fails to set forth sufficient facts to afford a key from which a full picture of the project may be ascertained. In addition strenuous exception is taken to the fiscal and engineering feasibilities of the project.

We have examined carefully the evidence in this case and find as to each objection an abundance of evidence supporting the facts found by the trial judge. Although rebuttal evidence on these issues is also present in a measure ample to have created issues of fact, the resolving of those issues is by law placed exclusively within the discretion of the trial judge. See *Code Ann.* § 87-818. "When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it." *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292).

■ The remaining contention of the intervenors objecting to the feasibility of the project is to the effect that the proposed raw water intake shows it to be in a position which necessarily requires an encroachment on the riparian rights of the City of Augusta and of others. Assuming but not deciding that the in-

tervenors in this case have the right to raise this point, we find the argument has no merit.

Any public improvement of the magnitude proposed by the Richmond County authorities in this case necessarily must embrace certain contingencies. The existence of contingencies does not ipso facto render the project unfeasible. All that is required is that the project be planned with "reasonable" certainty. *Miller v. State of Ga.*, 83 Ga. App. 135, supra. What is "reasonable" in a given case such as this is not ordinarily a question of law but is a question of fact. Here the judge has obviously determined that any contingency such as the acquisition of rights for the placing of raw water intakes is not so unreasonable as to render the project not feasible. In this determination the evidence supports the judge, for the evidence is not conclusive that riparian rights necessarily will be violated. But even were the evidence conclusive on the issue, a finding against the feasibility of the project would not be demanded as a matter of law for the reason that the property rights required could be gained through the exercise of the power of condemnation. One municipality has the power to condemn under reasonable circumstances the public property of other municipalities. *Howard v. City of Atlanta,* 190 Ga. 730 (10 SE2d 190).

5. There was filed in this case a motion to dismiss the bill of exceptions on jurisdictional grounds. The motion had no merit on any of the grounds urged by the defendants in error. Although the record is not clear as to whether a retender to the judge, or in his absence to the clerk as required by *Code Ann.* § 6-902, was demanded by reason of the physical return to the plaintiffs in error of the bill of exceptions on August 4, 1964, this court has seen fit to resolve the ambiguity in favor of its jurisdiction and to decide the case on its merits. The motion to dismiss is denied.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*