DETROIT, MONROE AND TOLEDO RAILROAD COMPANY v
CITY OF DETROIT.

*Street-opening—Condemnation of land—Service*

Proceedings to open a street across the land of a railroad company were held invalid where the company was not named in the proceedings and did not appear, even though damages were awarded to it for the land taken.

Service on the attorney of a railroad company in proceedings to open a street across its premises is not authorized by statute.

An assessment of damages in proceedings to condemn lands is void if the land is not lawfully condemned.

Certiorari to Recorder's Court of Detroit. Submitted June 22. Decided June 27.

*William. H. Wells* and *Ashley Pond* for plaintiff in certiorari.

City Counselor *Henry M. Duffield* for defendant in certiorari.

CAMPBELL, J. This is a *certiorari* to review proceedings to open Harper avenue in the city of Detroit. A number

of errors are set forth as alleged in the petition for the writ, but we shall only refer to some matters of importance. It appears that in opening this avenue it will become necessary to cross the lands and to a greater or less extent interfere with the premises of several railroad companies, and that this involved the principal damages. One of these—the Lake Shore & Michigan Southern Railroad Company—was not even named in the proceedings, although the jury awarded damages for land taken. That company did not appear and the taking of land and assessment of damages are invalid absolutely. The Detroit, Grand Haven & Milwaukee Railway Company was named and had lands taken and damages awarded, but did not appear and was not lawfully served with process. The service purports to have been made on its attorney. The statute has not authorized such service. The damages assessed to these two companies alone made up a considerable sum, charged on the various parties in the assessment district as benefited by the proposed improvement. But the assessment is void if the land is not lawfully condemned, as it has not been, and the way cannot be lawfully established. Plaintiff in *certiorari* appeared and objected to the proceedings seasonably, and the objections were overruled. We think the proceedings were erroneous and should be quashed with costs.

The other Justices concurred.