E. W. Rountree, J. R. Jack, and F. J. Bowen, as and constituting the City Commission of the City of Punta Gorda, Florida, et al., *Plaintiffs in Error*, v. The State of Florida, upon the relation of Georgia Bond & Mortgage Company, a corporation, *Defendant in Error*.

135 So. 894.

Division B.

Opinion filed June 29, 1931.

Petition for rehearing denied August 10, 1931.

*W. D. Bell*, of Arcadia, and *J. H. Hancock*, of Punta Gorda, for Plaintiffs in Error;

*E. J. L'Engle* and *J. W. Shands*, of Jacksonville, for Defendant in Error.

Davis, J.—The questions involved in this case are identical with those involved in a similar case between the same parties under the same title decided at the present term, with the exception that the bonds here involved were issued under Chapter 11035, Acts of 1925, Laws of Florida, and are sanitary sewer bonds of the City of Punta Gorda.

Whether the bonds were authorized by the Act in question or not, becomes immaterial when it appears, as in

260

this case, that the bonds here involved were issued under the apparent authority of a legislative act under which the legislature could have authorized the bonds within its constitutional power, and it further appears that the bonds were actually issued and validated pursuant to Sections 5106-5112, C. G. L., 3296-3302, R. G. S.

The decree of validation puts at rest any question as to the grant of legislative power to the City of Punta Gorda to issue such bonds. Weinberger v. Board of Public Instruction St. Johns County, 93 Fla. 474, 112 So. 253. The bonds in question being sanitary sewer bonds have not been shown to be beyond the terms of said Chapter 11035, even if that question were open to be decided now.

On the authority of Rountree, et al. v. State ex rel. Georgia Bond & Mortgage Co., 102 Fla. .... ; 135 So. 888, decided at this term, the judgment is affirmed on the other points raised.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.