STATE, *ex rel.* BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, v. PERCY L. THOMAS, as Chairman of the Board of Public Instruction of Duval County.

169 So. 684.
En Banc.
Opinion Filed September 14, 1936.

*Jennings & Watts,* for Relator;

*Percy L. Thomas,* for Respondent.

DAVIS, J.—The bonds herein involved are certain bonds of Special Tax School District Number 5, of Duval County, Florida, in the principal amount of $80,000.00, to bear interest at the rate of four per cent. per annum payable semi-annually, dated January 1, 1936, to become due and payable in the amount of $2,500.00 payable on January 1, 1938 to 1952, both inclusive, $3,000.00 on January 1, 1953 to 1965, both inclusive, and $3,500.00 on January 1, 1966.

It appears from the allegations of the alternative writ of mandamus herein, to which has been attached and made a part of the writ, a certified copy of the record of the bond validation proceedings had in the Circuit Court of Duval County that resulted in a final decree approving, ratifying and validating the issuance of said bonds as being in all respects in conformity to the Constitution and laws of the State of Florida, which final decree was duly entered and enrolled March 12, 1936, that under and by virtue of Sections 720-729, Incl. C. G. L. 579-588 R. G. S. appropriate proceedings have been duly had and taken for the issuance of said bonds and that all things required by the Constitution and laws of the State of Florida, including the affirmative approving vote of the freeholder electors of the issuing district, to render said bonds valid obligations of the obligor special tax school district, have been done in compliance with the requirements of law pertaining thereto. All of said con-

ditions precedent are furthermore shown to have been duly put in issue in the bond validation proceeding had in the Circuit Court to which reference had been heretofore made, and thereupon to have been judicially investigated and finally adjudicated in favor of the validity of said bonds in the final decree rendered by the Circuit Court in said proceeding, of which it appears that the Circuit Court had duly acquired jurisdiction by appropriate proceedings had and taken to that end.

The petition for validation was duly filed, no interested persons intervened to contest the validity of the projected issue and the validation decree was duly signed and made of record. Defects, if any, concerning the manner of publication of the resolution and notice required by Sections 722 and 723 C. G. L., 581 and 582 R. G. S. regarding the call and holding of the bond election at which the bonds were duly voted and authorized, as appears of record, have therefore been forever foreclosed by the validating decree and Section 5109 C. G. L., 3299 R. G. S., because the validity of said bonds can never be called in question in any of the courts of this State on account thereof, now that said validation decree has been entered pursuant to law and has not been attacked by appeal. Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 Sou. Rep. 253; Rountree v. Georgia Bond & Mortgage Co., 102 Fla. 259, 135 Sou. Rep. 894.

Peremptory writ of mandamus granted to require respondent to sign each and all of the bonds hereinbefore described, in his capacity as Chairman of the Board of Public Instruction of Duval County, it appearing that the objections raised by said respondent as grounds for his refusal to do so constitute no sufficient ground for such refusal.

Judgment for relator entered.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring).—It does not appear that there were any defects in the manner of the publication of the resolution and notice of election. There may have been some slight irregularity in procedure, any question as to which was completely set at rest by the decree of validation.