31430. DADE COUNTY *et al. v.* STATE OF GEORGIA *et al.*

DECIDED JUNE 24, 1947.

*Gleason & Painter,* for plaintiffs in error.

*J. H. Paschall, Solicitor-General, Shaw & Shaw,* contra.

GARDNER, J.  (a) It is contended that no proper notice was served on the solicitor-general to bring the validation proceedings, because the notice was served by the city attorney, without authority. This contention is without merit. See *Stephens* v. *School District of Habersham County,* 154 *Ga.* 275 (114 S. E. 197).

(b) That the petition of the solicitor-general for validation of the certificates was never properly served upon the Mayor and Council of the City of Trenton and therefore the proceedings were not properly before the court. If there was any defect in the service of the petition, this was waived by the appearance of the Mayor and Council of the City of Trenton and by pleading to the merits. This contention has no merit.

■   (a)   The petition of the solicitor alleges that the purpose of the issue of the certificates was to pay the cost of constructing a waterworks system for the City of Trenton within the corporate limits of the city.   The purpose of the issue was to include the cost of the issuance of the certificates, engineering, inspection, fiscal and legal expenses and interest accruing during the period covered by the construction of the system.   Certain citizens of the Town of Trenton filed objections denying that it was the intention of the officials of the City of Trenton to use the proceeds of the certificates for the purpose alleged.   On motion of the opposite party the court struck these objections.

(b)   There was attached to the petition of the solicitor-general a copy of the resolutions passed by the officials of the City of Trenton.   In section 7 of the resolution there is set out in detail an estimate of the operating expenses, the cost of the construction and the anticipated revenue from the system.   Certain citizens of the City of Trenton filed objections to these allegations of the resolution and stated that it was impossible and impractical to construct a water system in the City of Trenton from the proceeds of the certificates sought to be validated and that the revenue therefrom on account of the small number of prospective users, made the whole proposition impractical, and unsound and not feasible.   The court sustained a demurrer to these objections and struck them.   The court thereafter passed an order validating the certificates to the amount of $60,000 without the introduction of any evidence on the issue made by the objections to the petition. In this we think the court erred.

(c)   The resolution of the governing authorities of the City of Trenton specifically provides that the City of Trenton will levy and collect sufficient rates and charges for the income from the water to meet each and every term and condition of the resolution. The subscribers to the water within the city are the persons who must pay the bills.   The objectors, the residents of the City of Trenton, in addition to making the point that the system could not be constructed for $60,000, and in addition to making other points, made the further point that the system could not possibly produce a sum sufficient to meet the obligations as set forth in the resolution of the governing authorities of the City of Trenton.   In the objections filed, certain specific figures are given which we

will not set forth. The court should have permitted the objectors to introduce evidence in support of their intervention. They are residents of the City of Trenton and were entitled to introduce evidence in support of the allegations of their intervention. These allegations go to the fact that the whole proposition is unreasonable, impractical, and not feasible. The trial court evidently took the view as presented by counsel for the State (the defendant in error here), which view is expressed in their argument as follows: "The court, we submit, very properly held that the question of cost of the facilities and the amount of the funds to be provided for the construction of the facilities were matters entirely within the discretion of the municipal authorities, and that the court should not go into the question of the feasibility of the plan. This is, very manifestly, a proper holding, for to hold otherwise and require, in bond validation proceedings, a showing as to the details of cost of construction of the facilities would make it very difficult for any bonds for any public works to be validated, because costs are matters of estimate and should not be gone into in detail in order to determine the question of the issue of the bonds." We can very well understand how counsel for the State, and the trial court, could have easily slipped into this error. For until these cases appeared in the appellate courts, the question now under consideration had never been, so far as we have been able to find, presented to our appellate courts. But the Supreme Court, in its answer to the certified question in the instant case, passed on the question squarely and clearly. The court said: "The conclusion that the General Assembly intended that every municipality in the State should have exactly the same power to do all of the acts authorized thereby is easily reached by even a casual reading of the act. When proceedings are instituted to validate and confirm, the act provides that 'the judge of said superior court shall proceed to hear and determine all the questions of law and of fact in said cause and shall render judgment thereon.' The sufficiency of the anticipated revenue to be derived from the operation and maintenance of any proposed water system to retire its certificates *is an issue of fact peculiar to each proceeding for validation and confirmation, which the judge must determine.*" (Italics ours.) Therefore, when a proper issue of fact is raised, as in the instant case, as to the feasibility of the plan to validate refunding

certificates, it is for the trial court to determine, under the evidence, such issue. And it can not be left to the discretion of the governing authorities of a municipality to exercise a discretion as expressed in the resolution in such a situation as here presented. See Code, § 87-818. In our search, we find two cases with issues analogous to the one now before us. In the case of Getzen v. Sumter County, 89 Fla. 45 (7) (103 So. 104), we find: "Action taken by administrative officers must be both legal and reasonable, and such action is subject to judicial review. This is particularly so where the authority to act is conferred in general terms." Also, in Thompson v. Town of Frostproof, 89 Fla. 92 (2) (103 S. E. 118), we find: "In bond validation suits under our law any question that goes to the power to issue and validity or regularity of the issuance of such bonds may be properly raised." These two cases are very interestingly and learnedly written concerning the question before us. In the latter case the Georgia statute in relation to the validation of bonds, and the decision of *Smith* v. *Dublin,* 113 *Ga.* 833 (39 S. E. 327), are mentioned and discussed. We therefore reach the conclusion that the court erred in dismissing the intervention of the objectors and in validating the bonds. The case is reversed for the reasons set out in this division of our opinion, so that both parties involved may submit evidence on the issues of fact raised, as above specified, and that the court may pass upon such issues of fact.

*Judgment reversed. MacIntyre, P. J., and Felton, J., concur.*