**ED C. WRIGHT, AL ROBERTS, JR., and Ruth KIRBY, individually, and as former Directors and Statutory Trustees for Stockholders of ED C. WRIGHT AND CO., a dissolved corporation, v. CITY OF ANNA MARIA, a Municipal Corporation, Wyatt Blassingame, FRANK H. SPENCER, BINFORD THORNE and JOHANNA SWANN.**

34 So. (2nd) 737                                  January Term, 1948
April 2, 1948                                           Division A
Rehearing denied denied April 28, 1948

*Wylie & Warren* and *W. L. Kimball,* for petitioners.

*G. P. Smythe* and *E. Clinch Kavanaugh, Jr.,* for respondents.

CHAPMAN, J.:

The Town of Anna Maria, a municipal corporation, by its City Commission, adopted Ordinance No. 25, which provided for and authorized the issuance of municipal bonds in the sum of $40,000.00 or municipal purposes. An election was called and the question of the issuance of the bonds was submitted to the voters of the municipality for their approval or disapproval. As a result of the election and a canvass of all the votes it was disclosed that a majority of the qualified voters of the Town of Anna Maria favored the issuance of the bonds. Subsequently the Commission of the town, sitting as a Board of Canvassers to canvass the returns of the election, concluded that a majority of the free-holders and qualified voters of the town of Anna Maria favored the issuance of the bonds and the Canvassing Board certified and so declared that it was the will of a majority of the qualified electors of the town that the bonds be issued. The certificate was signed by the Mayor, Vice-Mayor and Town Clerk.

The Town of Anna Maria, through its officials, filed or caused to be filed in the Circuit Court of Manatee County, Florida, its petition representing to the Court and all statu-

tory provisions required by law essential and necessary to make the bond issue of $40,000.00 a lawful and binding obligation of the municipality had been adequately and fully complied with. The Town of Anna Maria in its petition for validation prayed for an order declaring the bonds to be legal and valid obligations of the petitioner. It prayed for an order of publication and that the State Attorney of the Eighteenth Judicial Circuit be required to show cause why the bonds should not be confirmed and validated. The order issued as prayed for and G. B. Knowles, State Attorney, in behalf of the State of Florida, answered the petition of the Town of Anna Maria and in part said: " . . . he finds and knows of no reason why said bonds should not be validated as provided for by said petition and that therefore the State of Florida has no objection to the validation of said bonds and hereby consents to the same and to such other orders as the Court thinks proper to expedite and facilitate the issuance of said bonds."

On October 11, 1924, the Circuit Court of Manatee County, Florida, entered a final decree of validation and pertinent parts thereof are viz: "This cause coming on to be heard upon the petition of the Town of Anna Maria, Florida, . . . and the answer of the State's Attorney of the Eighth Judicial Circuit of Florida, and it appearing to the Court that publication was made according to law, said publication being addressed to the tax payers of the Town of Anna Maria, Florida, requiring them to show cause, if any they have, why said bonds should not be validated and confirmed; and if appearing to the Court that all of said proceedings are in every way regular according to law and fully complete, it is therefore,

ORDERED, ADJUDGER AND DECREED That the bonds sought to be validated by said petition, to-wit: A Forty Thousand ($40,000.00) Dollar bond issue, for municipal purposes, the same being fully explained as set out in said petition and the exhibits hereto, be and the same are hereby validated, confirmed and approved by this Court, and that the said bonds when so issued shall be a lawful and binding obligation upon the Town of Anna Maria, Florida." The bonds were sold and the petitioners hereto are now holders and

owners of certain designated bonds issued by the Town of Anna Maria, Florida.

The Town of Anna Maria, after changing its name to the City of Anna Maria (Chapter 11,305, Acts of 1925, Laws of Florida), and certain taxpayers of said city, filed in the Circuit Court of Manatee County an amended bill of complaint against the respondents as owners of bonds previously issued by the Town of Anna Maria. The amended bill alleged that the bonds as issued by the Town of Anna Maria and held by the defendants were void and unenforceable for various reasons, largely because of the failure and neglect to observe and follow the several statutes applicable to the approval and validation of bonds. The prayer of the bill sought a decree declaring null and void the bonds described in the amended bill previously issued by the Town of Anna Maria and that the owners thereof be permanently enjoined from suing the Town of Anna Maria on the bonds or from taking any legal steps whatsoever having as their objective the enforced collection of the bonds.

The defendants below, petitioners here, filed in the Circuit Court a motion to dismiss the amended bill of complaint as filed by the City of Anna Maria and named taxpayers thereof, on various grounds of which the following are a part: (1) that the amended bill of complaint is without equity; (2) the facts alleged are insufficient to state an equitable cause of action; (3) that the plaintiffs below, respondents here, are estopped to assert the invalidity of the bonds. The Chancellor overruled the motion to dismiss the amended bill of complaint and fixed a day for the defendants to answer, and assigned as his reason for overruling the motion to dismiss the following: the amended bill alleges that the city charter provided that the City of Anna Maria may issue bonds for municipal purposes, and requires that all such bonds must be signed by all members of the City Commission; that it alleges that the bonds held were not executed and signed by the City Commission as required by law and the motion to dismiss admits the truth of the allegation and therefore the bill of complaint was good as against the motion to dismiss. The re-

spondents, defendants below, petitioned this Court under Rule 34 for an interlocutory writ of certiorari.

An answer to the following question should be determinative of this controversy. May the City of Anna Maria, a municipal corporation, and its taxpayers, approximately twenty years after the issuance, sale and delivery of the bonds pursuant to a decree of validation, in light of the provisions of Section 75.09, F.S.A., and our adjudications, now be heard on the question of whether said bonds should have been signed by the members of the City Commission or some other officials of the City of Anna Maria? Section 75.09, F.S.A., Provides: "Effect of Final Decree.—In event the decree of the circuit court validates such bonds or certificates, which may include the validation of the political district on subdivision itself and any taxes and assessments affected, and no appeal is taken within the time above prescribed, or if taken and the decree of the circuit court is affirmed, such decree shall be forever conclusive as to all matters adjudicated against the petitioner and all parties affected thereby, including all property owners, taxpayers and citizens of the petitioner, and the validity of the said bonds or certificates, and any proceedings or remedies provided for their collection, shall never be called in question in any court."

In Thompson v. Frostproof, 89 Fla. 92, 103 So. 118, we held that the purpose of a decree validating bonds is to put in repose any question of law or fact that may be raised affecting the validity of such bonds. In Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253, we held that our bond validating statute, when the essential requirements were observed, cured statutory or procedural defects and operated to estop the same person from further litigating as to all matters, organic or otherwise, that were duly adjudicated in the validating proceedings. In Town of Boynton Beach v. State of Florida, 108 Fla. 92, 145 So. 858, we held that validating decree set at rest forever any defenses based upon the ground or irregularity or illegality of their issue, including questions of both law and fact, so far as those matters or things could be authorized by the Legislature to be put in repose by a judicial proceeding. In State ex rel. Duval County

v. Thomas, 125 Fla. 274, 169 So. 684, we held that after a validation decree was entered the validity of bonds could never be questions in any of the courts of Florida on account of the validity or irregularity thereof when said validating decree had been entered pursuant to law and has not been attacked by appeal.

In construing Section 75.0 supra in State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610, Mr. Justice Whitfiield, speaking for the Court, in part said:

"The purpose of the statute, Sections 5106 (3296) *et seq.*, C.G.L., providing for judicial validations of *bona fide* issues of *duly authorized* governmental bonds and certificates of indebtedness, is to facilitate bona fide sales of valid *duly authorized* bonds and certificates by means of authorized judicial decrees conclusively adjudicating the validity of such *duly authorized* bonds and certificates as issued, unless it appears by statute or by the bonds or certificates, or by the duly required record of the validating proceedings or by the record duly required to be made and kept of the advertisement, election or other proceedings required for issuing such duly authorized bonds or certificates, that some express or implied command, prohibition or limitation of the State or Federal Constitution was violated in validating or in issuing such *duly authorized* governmental bonds or certificates of indebtedness. State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 37 A.L.R. 1298; Weinberger v. Bd. of Pub. Ins., 93 Fla. 470, 112 So. 523; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716."

It is not disputed that the bonds now owned by the petitioners were issued by the Town of Anna Maria pursuant to the validation decree of the Circuit Court of Manatee County, Florida, but it is alleged in the amended bill of complaint that the bonds were invalid because the charter of the city required that they be signed by the several members of the Commission of the town rather than by the mayor and city clerk. It is our view and conclusion that this alleged irregularity was forever foreclosed and placed at rest by the terms of the validation decree dated October 11, 1924. It therefore follows that the interlocutory writ of certiorari do

now issue and the order dated January 16, 1948, be quashed with directions to enter an order dismissing the amended bill of complaint.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.