ADAMS, Justice.
We heretofore granted certiorari to review, for conflict, a decision of the First District Court of Appeal, reported at 202 So.2d 109.
The background of this case is related to a Resolution wherein the Board of County Commissioners of Monroe County resolved to issue bonds payable from its secondary gas tax fund to finance a system of secondary road projects. This Resolution, dated May 4, 1965, was submitted to the State Road Board requesting their cooperation in the endeavor and pursuant to same the Road Board prepared a list of projects and particulars indicating the approximate cost of each project separately. The one most relevant to this case is the Duck Key project, which we quote:

In due course the bond issue was validated and no appeal was prosecuted from same.
Shortly thereafter, one of the petitioners filed a suit contesting the project of Duck Key and four others on the assertion that the use of the bond funds to complete these projects was not for a public purpose inasmuch as the properties to be benefited by the roads were owned and held by private persons and hence the expenditure was a violation of the State Constitution, Section 10, Article IX, F.S.A. Upon motion to dismiss, the case came on for hearing before the Circuit Court and the bill of complaint was dismissed. Whereupon that decree was appealed to the First District Court of Appeal and the District Court concluded that the decree was proper in every respect save and except the Duck Key project.
We have before us now a petition for certiorari bringing into question the correctness of the judgment insofar as it affirmed the dismissal as to the four projects and we have a cross petition questioning *768 the propriety of the District Court s ruling on the Duck Key project.
Public policy demands that we adhere to our many holdings that a validation decree once it becomes final puts at rest all questions which were raised in the validation as well as all questions which could have been raised. See 75.09, F.S.A.; Thompson v. Frostproof, 89 Fla. 92, 103 So. 118 (1925); Wright v. City of Anna Maria, 160 Fla. 324, 34 So.2d 737 (1948); City of Ft. Myers v. State, 95 Fla. 704, 117 So. 97 (1928); Little River Bank and Trust Co. v. Johnson, 105 Fla. 212, 141 So. 141 (1932); State v. City of Venice, 147 Fla. 70, 2 So.2d 365 (1941); State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610 (1938); Crowe v. City of Jacksonville Beach, 167 So.2d 753 (Fla.App.1965).
We quoted the specifications on the Duck Key project showing the approximate amount of money in order to demonstrate that all persons were put upon notice in the validation proceedings and what is true about the Duck Key project is also similar to the other projects in question. The authorities support the conclusion that when all parties have had an opportunity to be heard upon projects set forth in exactness and degree of detail as here shown, they will not again be allowed access to the court for further litigation. In this instance the county commissioners acting for the County of Monroe and the State Road Department in cooperation with them concluded that these projects were public. There can be little argument that that question was brought into direct focus in the validation proceedings. It is beside the point to assert that because certain property owners will receive greater benefit than other citizens in general, the undertaking is unconstitutional. It is inconceivable that any public improvement can be made that does not benefit some citizen relatively more that others. In many instances the degree varies substantially. It is true the original plaintiff asserts that he is not contesting the validity of the bonds but only the manner in which the proceeds of the bonds are to be expended. There might be cases where this type of suit will be proper but not so in this case because here so far as this record shows, the proceeds of this issue are going for the overall purpose set forth in the validation proceedings.
We might observe here also that this overall comprehensive plan extends over a very large part of Monroe County and in the absence of fraud, which is not charged here, we find no reason to hold the decision of the Circuit Court in error.
We, therefore, grant the cross petition for certiorari and quash that part of the District Court’s decision reversing the Circuit Court, and discharge our writ of certiorari heretofore granted on the petitioner’s petition and otherwise affirm and approve the decision of the District Court.
So ordered.
THOMAS, Acting C. J., and ROBERTS, DREW and THORNAL, JJ., concur.