## MARTIN v MARTINEZ, et al.

### Case No. CI90-228 34

Ninth Judicial Circuit, Orange County

May 10, 1990

### APPEARANCES OF COUNSEL

**Anthony Martin,** pro se.

**Jason Vail, Esquire,** Assistant Attorney General for defendant, Governor Bob Martinez.

**Talbot D'Alemberte, Esquire** and **Adalberto Jordan, Esquire,** Steel Hector & Davis, for defendant, Reedy Creek Improvement District.

**Carol Pacula, Esquire,** for defendant, Walt Disney World Company, Inc.

### OPINION OF THE COURT

GEORGE N. DIAMANTIS, Circuit Judge.

### *FINAL JUDGMENT*

This action was heard by the Court on May 2, 1990, on the motions

of defendants Bob Martinez, Walt Disney World Company, Inc., and Reedy Creek Improvement District for final summary judgment, and the cross-motion of plaintiff for final summary judgment. After consideration of the argument of counsel and the pleadings, motions, and memoranda in the record, the Court grants the motions of the defendants and denies the motion of plaintiff. Because the Court is granting the summary judgment motions of the named defendants, the Court now dismisses John Doe and Jane Doe as parties to this case. The following memorandum constitutes the Court's findings of undisputed fact and conclusions of law.

## Findings of Fact

Reedy Creek is a government agency organized and operated pursuant to Chapter 67-764 of the laws of Florida. Pursuant to section 9(19) of that Act, it has the authority to issue tax exempt bonds in accordance with state and federal law. In 1989, the Reedy Creek Board of Supervisors approved the issuance of utility and revenue bonds. On October 4, 1989, $50 million of these bonds were validated in a judicial proceeding that was properly noticed and from which no appeal was taken.

The bonds challenged in this case are tax-exempt variable rate utility and sewer revenue bonds. They serve the same purpose as the bonds validated in October of 1989. These bonds are not backed by the full faith and credit of Reedy Creek or of the State of Florida or any of its agencies or subdivisions.

## Conclusions of Law

Plaintiff's allegation that Reedy Creek is invalid or unconstitutionally constituted was rejected by the Florida Supreme Court over twenty years ago. See *State v Reedy Creek Improvement District,* 216 So.2d 202 (Fla. 1968). Plaintiff's complaints regarding the legislative creation of Reedy Creek and the powers given to it are best addressed to the legislature.

Subsection (c) of Article VII, Section 10 of the Florida Constitution permits the issuance and sale of revenue bonds by governmental entities to finance the cost of capital projects for industrial or manufacturing plants. The Florida Industrial Development Financing Act, Fla. Stat. section 159.27(5), contains legislative findings that "pollution control" and "solid waste" facilities, the very facilities to be financed by the Reedy Creek bonds challenged by plaintiff, are industrial plants with predominantly public purposes. See *State v Osceola County Industrial Development Authority,* 424 So.2d 739, 742 (Fla. 1982);

*State v City of Panama City Beach,* 529 So.2d 250, 253-54 (Fla. 1988);
Fla. Stat. section 159.26. Plaintiff's allegation or suggestion that the
bonds violate Article VII, Section 10 is, therefore, without merit.

The bonds are not backed by public credit and serve a public
purpose. *Linscott v Orange County Industrial Development Authority,*
443 So.2d 97, 101 (Fla. 1983). They are designed to control pollution
at and provide utility services for Reedy Creek, in which the Walt
Disney projects are located. The Florida Supreme Court has recognized
the benefits that the tourism industry in Central Florida, and specifi-
cally the Walt Disney projects, have provided to Florida. See e.g., *State
v Orange County Industrial Development Authority,* 417 So.2d 959,
960-61 (Fla. 1982).

As previously noted, $50 million of the same bonds were previously
validated in a properly noticed judicial proceeding. It is clear that
plaintiff could not now challenge these bonds, even on constitutional
grounds. *See* Fla. Stat. section 75.09; *Lipford v Harris,* 212 So.2d 766,
768 (Fla. 1968). Because the issues relevant to both sets of bonds - the
one validated in 1989 and the one challenged by plaintiff - are
substantially the same, this Court holds, based upon the earlier valida-
tion as precedent, that the latter bond issue is valid.

Finally, the bond allocation structure challenged by plaintiff, the
Private Activity Bond Allocation Act, Fla. Stat. sections 159.801 *et
seq.,* is constitutional. No fundamental rights or suspect classes are
affected, so the Bond Allocation Act need only pass the rational basis
test to survive scrutiny. *FHSAA v Thomas,* 434 So.2d 306, 308 (Fla.
1983). Although the legislature could have enacted different allocation
schemes, the Bond Allocation Act is rational. It is limited to projects
that serve public purposes, ensures that scarce allocation will not be
wasted, and eliminates any political determination of who is to receive
bond allocation. Consequently, this Court cannot substitute its own
allocation scheme for the one created by the legislature.

### Conclusion

For the reasons stated above, the motions of defendants for final
summary judgment are granted, and the cross-motion of plaintiff for
final summary judgment is denied. Judgment is hereby entered for the
defendants and against plaintiff. Plaintiff shall take nothing by this
action and the named defendants shall go hence without day. John Doe
and Jane Doe are dismissed as parties to this case.

The Court reserves jurisdiction to entertain motions for attorneys'
fees, both as to entitlement and amount, and for costs.

ORDERED in Orlando, Orange County, Florida, this 10th day of May, 1990.