PER CURIAM.
This is an appeal by plaintiffs-appellants from an adverse decree entered in a suit filed by them in the court below to enjoin the defendant-appellee, City of Fort Lauderdale, from selling its golf course to the defendant-appellee, Fort Lauderdale Men’s Golf Association, Inc. The grounds of the complaint for an injunction were (1) that the proposed selling price was inadequate, (2) that the sale was not for a lawful purpose nor in the best interests of the citizens and taxpayers of the City because it was made for the purpose of avoiding a decree of a federal court “integrating” the golf course, and (3) that the sale was violative of the plaintiffs’ rights under the due process clause of the Fourteenth Amendment to the federal constitution.
It is first contended on this appeal that the Chancellor erred in striking ground (2) above, upon motion of the defendant-appellees, from the complaint. We find no error here. The obvious force and effect of the federal decree was that any golf course owned and operated by the City must be open to all the citizens of the community; but, certainly, it did not affect the right of the City to dispose of this or any other recreational facility, pursuant to its legislative authority so to do, when in its judgment such facility was no longer needed for the use of its citizens, since this is a local administrative question. The reasons for selling the golf course were set forth in the Resolution of the City Commission. These reasons had nothing to do with integration and were ample justification for its sale from an administrative viewpoint. The fact that some members of the Commission may possibly have entertained a private individual thought that the sale of the golf course would avoid the problem of integrating it — either with or without a federal decree — is immaterial. There was, then, no error in striking ground (2) from the complaint.
It is also contended that the trial judge erred in ruling that the sale of the property did not violate the plaintiff’s rights under the due process clause of the Fourteenth Amendment of the federal constitution. The short answer to this is that the City tracked exactly the legislative requirements for the sale of its property. Its Resolution approving the sale was generally publicized and the property duly advertised for sale. It was an open sale in which any person or group of persons, of whatever race, creed or color, could have submitted a bid for the property. Having failed to make an offer for the property, the plaintiffs cannot now be heard to complain because it was sold to the defendant-appellee, the Fort Lauderdale Men’s Golf Association.
The remaining question argued is the adequacy of the consideration for which the property was sold. We have carefully examined the record and find that the trial court was entirely justified in holding that the highest bid offered, in the amount of $562,400, constituted adequate consideration for the sale of the property.
In summary, the City had authority under the law to make the sale, the notice of the sale was sufficient, and the highest bid made was adequate consideration. No lawful impediment to the sale haying been made to appear, the judgment of the lower court approving the sale is hereby
Affirmed.
TERRELL, C. J., THOMAS, ROBERTS and THORNAL, JJ., and STUR-GIS, District Judge, concur.