WIGGINTON, Judge.
Appellants brought this action seeking to enjoin appellee City of Jacksonville Beach from expending funds derived from the sale of revenue bonds issued pursuant to an ordinance adopted June 26, 1963, and from purchasing land and constructing public buildings and facilities as authorized in the ordinance pursuant to which the bonds were issued. From a decree dismissing the complaint with prejudice, this appeal is taken.
The complaint filed by appellants alleged in substance that the City is guilty of an abuse of discretion and an extravagant use of public funds in that it now proposes to expend the funds derived from the sale of the revenue bonds for the purpose of buying the property described in the ordinance and constructing thereon the improvements specified in the ordinance and in the validation proceedings by which the proposed bonds were validated. It is alleged that in the process of constructing the improvements called for in the ordinance it will be necessary to displace 26 businesses, employing 125 persons; to demolish an existing community center, city hall, band-shell and recreation center, tennis courts, shuffleboard court and a public park; that the proposed bond issue will increase the public debt by over 40% for a program which is neither authorized nor wanted by the citizens of Jacksonville Beach; that no proper investigation was made to determine whether the convention hall to be constructed as a part of the program is desirable or feasible; that it is proposed to build additional parking facilities as called for in the ordinance whereas present parking facilities are adequate; that the City of Jacksonville Beach is badly in need of other capital improvements that cannot be constructed because the money derived from the bond issue is being wasted on unneeded construction, and that the credit of the City will be impaired unless it is enjoined as prayed.
It is appellants’ position that they are not attacking the validity of the bond validation proceedings which resulted in the final decree approving the issuance of the proposed revenue bonds and the expenditure of the funds to be derived therefrom in accordance with the improvement plan specified and set forth in the ordinance. The validation decree entered by the Circuit Court was appealed to and affirmed by the Supreme Court by an opinion filed December 18, 1963.[1] Appellants insist, however, that the purpose of their suit is to enjoin what they consider to be an illegal and extravagant use of public funds amounting to arbitrary action and an abuse of discretion by appellee City. In support of its right to seek an adjudication of the issues raised by their complaint, they rely upon the Williams v. Town of Dunnellon decision rendered by our Supreme Court in which it is held that the illegal, improper, or extravagant use of funds legally borrowed for, or otherwise acquired for, public purposes or uses may be enjoined or redressed by due course of judicial proceedings.[2]
While the soundness of the principle of law on which appellants rely cannot be questioned, it is our view that it has no application to the facts in this case. Each and every act which the complaint alleges *755 is about to be unlawfully committed by the City are acts necessarily to be performed in the accomplishment of a plan of public improvements which was specifically and fully disclosed in the. ordinance adopted by the City authorizing the issuance of the revenue bonds from which the proceeds now sought to be enjoined were realized, and in the proceedings to validate those bonds which resulted in a favorable decree by the circuit court and a subsequent affirmance by the Supreme Court of this state. It is not alleged that the appellee proposes to use or expend the bond funds for any purpose or in any manner other than as authorized by the ordinance and approved by the bond validation proceedings.
The applicable statute of this state provides that when revenue bonds such as those involved in this action are validated by a decree of the circuit court and not disturbed by an appeal to a superior court, the decree shall be forever conclusive as to all matters adjudicated against all parties affected thereby, including all property owners, taxpayers and citizens of the governmental unit or subdivision in whose behalf the decree is rendered, and all those having or claiming any right, title or interest in property to be affected by the issuance of bonds, certificates or other obligations.[3] Such validation proceedings involve a determination not only of the authority of an agency or governmental unit to issue bonds or revenue certificates, but also whether the issuing authority may lawfully expend the proceeds of the bond issue for the contemplated purpose.[4]
It is our view of the allegations contained in the complaint filed herein that each of the issues sought to be raised thereby are ones which more properly should have been raised in the action instituted by the City to validate the revenue bonds to be issued for the purpose of financing the public improvement program here assaulted. It is noted that one of the appellants in this case was also an appellant in tire appeal of the bond validation decree of the Supreme Court. The validation proceedings were conclusive on these appellants as to all of the issues they now seek to raise in the complaint filed by them in this cause, and the chancellor was eminently correct in refusing to permit appellants to litigate in this proceeding issues which have been placed in repose by the validation proceedings.
Having reached the conclusion above expressed, it is not necessary to the disposition of this appeal that we reach a decision with respect to the propriety of the issues sought to be raised herein. In order that this opinion may not later be construed as affirming the propriety of the issues raised by the complaint, we feel constrained to make the following observation. While the issues raised by the complaint may form the basis for opposition to the council members’ bid for re-election to office, they deal with acts lying within the discretion of the council with which courts are reluctant to interfere. As said by the Supreme Court of Florida in the Town of Riviera Beach case:
“ ‘ “With the exercise of discretionary powers, courts rarely, and only for grave reasons, interfere. These grave reasons are found only where fraud, corruption, improper motives or influence, plain disregard of duty, gross abuse of power or violation of law, enter into and characterize the result. Difference in opinion or judgment is never a suffieient ground for interference.” If the result of the given action, as the letting of a contract for an improvement, the construction and operation of a particular utility or the enactment of a certain ordinance, is an economic mistake, a municipal extravagance, and an improper burden upon the taxpayers, as so often urged in con *756 tests of this nature, the prevailing answer of the courts is that the remedy, if any exists, is at the ballot box, rather than by injunction or other court proceeding. It may be stated broadly that this immunity from judicial control embraces the exercise of all municipal powers, whether legislative or administrative, which are strictly discretionary’.” [5]
The decree appealed is accordingly affirmed.
STURGIS, C. J., and RAWLS, J., concur.

. McNamara v. City of Jacksonville Beach, (Fla.1963) 159 So.2d 97.

. Williams v. Town of Dunnellon et al., 125 Fla. 114, 169 So. 631.

. F.S. § 75.09, F.S.A.

. State v. Suwannee County Development Authority, (Fla.1960) 122 So.2d 190.

. Town of Riviera Beach v. State et al., (Ma.1951) 53 So.2d 828.